Thank you, Your Honor. I represent the appellant, Timothy Seeboth. Your Honor, in 1996, after a hearing, he was committed as a SVP. Following that, he was recommitted for a series of two-year recommitments after hearings, and the last one of those expired in September 2005. In April of 2005, they filed another recommitment petition, but he was not given a hearing on that as of April of 2008. In other words, the term they were seeking to recommit him for, a two-year term, had expired without any hearing as to the grounds for that commitment. Now, he challenges that on two bases. One is as a denial of due process. Secondly, as a denial of equal protection. The due process claim, I think, is fairly straightforward, which is that the Supreme Court has clearly established that the due process clause says that you're entitled to a notice and a hearing before you can be deprived of a property, liberty, or your life. Well, he had a notice and a hearing, didn't he? He had a hearing on pretrial detention, and they proved that he was probably a sexual violent predator. He had, Your Honor, he had a hearing on what they call a probable cause hearing. And as I've tried to point out in my supplemental reply brief, the standard at that hearing is far below the standard that the Supreme Court has said is necessary in the Addington case. That, in Addington, they said the standard for commitment under due process, making no distinction between before or after deprivation, is clear and convincing evidence. The standard for a probable cause hearing is whether a reasonable person would have a suspicion that the person was an SVP. So he's entitled to have a jury trial to determine clear and convincing evidence. He is under California law, Your Honor.  Under due process. I don't believe that. I think that's correct. But California says that it has to be a jury trial, unanimous verdict, proof beyond a reasonable doubt. And so the ---- We're talking civil commitment here. Yes, Your Honor. And what's your view? California, by statute, provides those, the jury trial. Right. But what's your view in terms of the applicability of the Fourth Amendment to civil commitment proceedings versus anything in the criminal side? The Fourth Amendment? I'm relying on the due process clause, which says you can't be deprived of your liberty without these due process rights. It's the due process clause. And one of those is a hearing. And the Supreme Court made clear in the Vitek v. Jones case and a series of other cases is that the normal rule is you have to have the hearing prior to the deprivation. And it's only in an extraordinary situation where there's a countervailing government interest that they can have a hearing after the deprivation has started. And there's been no suggestion here of any reason why he was not given a hearing for the entire term of the recommitment being sought. In other words, he was committed for the 24 months that they were seeking without a hearing, and then he was continued until at least April of 2008, another about seven months without a hearing. What would be the practical relief that could be granted? Your claim is that there was not notice and a hearing for this two-year period, but the two-year period has already elapsed. So assuming that we agree with everything that you've said, what do you think that we can do, what would be the tagline that you would like to see? Your Honor, I would like you to hold that his commitment beyond September 2005, which was the last time as to which he had a hearing, was unlawful. And then under California law, if the ---- Why 2005? I'm sorry, Your Honor? Why 2005? He did have a hearing that justified a commitment up through 2005. No, wait a minute. It was filed on April 2005. That was the one from 2005 to 2007. Right. Now, that's the one you're objecting to, right? We're actually objecting to the fact that he was kept in custody after 2005, September, without a hearing on this petition filed in April or May of 2005. And why do you pick that September date? That's what the ---- I'm sorry, Your Honor. That's the ---- he had a valid or at least a commitment, I'm not challenging, up through September 2005 after a hearing. Then they had to file a new recommitment thing to recommit him. They filed the petition. They never gave him a trial on it. They never gave him a trial. They had a hearing for probable cause after filing the petition. Help me with the chronology. I'm sorry. When did they file the petition? In April 2005, before he had completed his term in the prior term. Correct. And they gave him a ---- When did he have the probable cause hearing? I can't give you the time exactly, Your Honor, and maybe the Attorney General can, but it was prior to September 2005, I'm fairly confident. And then after the ---- The thing is that he should have had a trial before September, because if he was being detained on the probable cause hearing for pretrial purposes, that supposes that he's going to get a trial. It was more like a preliminary examination would be before, as opposed to a jury trial. And our position is they should have brought him to trial. If they're going to confine him in a hospital that's like a prison, they had to prove the grounds for that in a hearing where he could contest it. And you were about to tell me what difference it makes if we declare it unlawful. Well, Your Honor, the Welfare and Institutions Code 6601, subdivision A2, says that if a ---- the requirement is that at the time a person is committed or recommitted as an SVP, they be in custody. And there's a provision in state law that says if the custody is unlawful, then there cannot be a recommitment, except if the unlawful custody is the result of a good-faith mistake of law or fact. So I think what I'm asking the Court to ---- What's the practical result? Is he still in custody? He's in there right now, Your Honor. I see. So he would be entitled to be released. Unless the state court found that it was the result of a good-faith mistake of fact or law. Okay. Under state law. I think that's how it would ---- I don't think I'm asking the Court to make that determination or the district court. But if the Court declares that his custody following September 2005 without a hearing is unlawful, then I think that's what I'm asking the Court to hold. And then they will have to act upon it one way or another. That's what I don't understand. Your position is that he has to be released after September 2005 if the show cause hearing or the just cause hearing was held before September. But suppose it was held one day before the end of his prior term and say we're holding you over for trial. Isn't the state required, entitled to, to have some reasonable time to prepare the trial? I think if they commenced the trial beforehand, Your Honor, I think that would be ---- that would not be a problem. But ---- Take my hypothesis. Your man's term will be up in September 2007. Let's suppose the petition is filed in April 2005. Correct. He's supposed to be released by 2007. No. He would be ---- I would say he would be released in 2005 unless they had a hearing justifying two more years. If they file their ---- if the probable cause hearing is held, say, two or three days before the end of his term, right, isn't the state entitled to hold him for a period of time after that end of the term to try him on a new two-year commitment? No, I don't believe so, Your Honor. Because they control the filing of the petition. What I'm getting confused is that ---- They don't control it because the trial judge has a calendar. Well, but they file a petition in May. They have all the way until September to have a probable cause hearing, which is merely a determination of a reasonable suspicion that the person was an SVP. If it's a matter of due process, they have to try him before the end of his prior commitment. Of his prior commitment, yes. Because otherwise you're confining him without any ---- without a hearing on the grounds for that continued confinement. As it is, they have ---- I'm not challenging the fact that they could keep him there until September 2005. There is a basis for doing that, but we're not challenging that. But at that point, they either have to give him a hearing or release him, is our view. And they didn't give him a hearing. The hearing by which the trial judge finds the probable cause that he is an SVP is not sufficient. Correct, Your Honor. Because this Addington case says that you have to have a hearing in which the standard is clear and convincing evidence. It's just, Your Honor, it's the same thing as saying that you can't get ---- you can't say you've given a person a speedy trial just because you gave them a preliminary examination, a preliminary hearing. They're different standards. So the due process requirement, there's no requirement for the probable cause hearing. That's a California thing that they use to try to screen out one. What there is a requirement is that there be a hearing on the actual grounds for ordering him to be kept in the mental hospital. And it would be a pretrial hearing. A pre-commitment. A pre-extension. A pre-recommitment. A pre-September 2005. But in truth, it's a pretrial hearing or a pretrial phase. Which is, Your Honor, I'm sorry, the probable cause hearing is. Yes. A probable cause hearing, Your Honor, that has not been involved in any way in this case. I'm making no claims that there should or shouldn't have been. The Court suggested that perhaps that was sufficient under Addington. And I tried to point it in my supplemental reply brief. The difference of the standard of proof is just amazing. Because at one, you have less than a preponderance of the evidence. That's the probable cause hearing. And at the real hearing you're required to give under the due process clause, it has to be clear and convincing evidence. So a finding of probable cause is clearly not a finding of clear and convincing evidence that the person's an SVP. Mr. Denver, one last question. I know you're over your time. But if we were to grant, if we were to go to the district court to grant habeas conditionally and say to the state, release the man or try him within 30 days or 60 days, would that be sufficient for your purpose? I think if it said, if allowed under state law. See, I think that state law would preclude his being tried at this point. Because of the section, and I'll give you, let me give you the sections. It's Welfare Institutions Code 6601, Subdivision A2. And the cases are People v. Badura, 95, Cal App 4th, 1218. Another case along the same lines is People v. Superior Court, 159, Cal App 4th, 3001. I can give you the dates on it. But California, for this particular type of commitment, says if you've got to be in custody, and if that custody is unlawful, then they can't recommit you unless it was the unlawful custody was a result of a good faith mistake of law or fact. And I think the complete failure to bring him to hearing for at least three years and, in fact, the record doesn't show it, but it was even longer than that, is you can't say that was a good faith mistake of fact or law. That's just a remedy you're seeking is obviously the grant of the writ with orders to immediate release? Your Honor, I think, I think I would, I would like that very much. I would. But I, but I think, I think the Attorney General would probably say that they ought to, there has to first, he's entitled to a, a release unless a State court finds that all this delay was a result of a good faith mistake of law or fact. I think that's when it is. But, but. For us to decide in any event. I don't think, it doesn't seem to me it is, Your Honor. But I, but I think that, I think that's probably where it comes out. I, I think that, that actually he's probably entitled to a flat-out order of release because he's been confined for, for all this time since September 2005 without a hearing as to the, to the right to, as to the grounds for doing it. And why, I have no idea. I, I didn't address the, the, the equal protection claim. That also has been fully briefed. But that essentially is that he's not treated the same as two other classes. I think we understand your argument. Thank you, Mr. Denver. Ms. Crenson, you will represent the State here. Good morning, Your Honors. Excuse me. May it please the Court. My name is Tammy Crenson representing Respondent Appellee Mayberg. Is this Petitioner still in mental hospital detention? Yes, he is. He's currently serving an indeterminate term under the new law, Jessica's law. In 2006, the legislature changed the fact that the SVPs can now, instead of have, instead of being committed for two-year terms, they're committed for indeterminate terms. So he's been committed without trial? No, he's had a trial. It came, he had a trial to be, for his indeterminate term. When was that? That was in, actually, 2010. He currently has another habeas petition going through the district court on his indeterminate term. In essence, he was held for five years with no trial. What happened, Your Honor, is he? Yes or no. Was he held five years with no trial? Yes, that is correct. Assuming that we agree that that's a due process violation, what kind of relief, if any, can be given to this person? Assuming a due process violation, which obviously U.S. Supreme Court hasn't established anything that would say there's a due process violation here, but assuming there was, then his, it would have to be sent back to the state court on a conditional release, and they would have the opportunity to remedy the constitutional violation. Remedy it how, if a person has already been held for this length of time? Would what Mr. Denver suggests be the correct inquiry for the state court, that if it was a reasonable mistake of law or fact, everything's okay, but if it's not, he's released? Is that the right? I don't know if that is correct or not, Your Honor. And the problem here is this becomes a very complicated issue of what the remedy actually would be because of the fact that the state is now holding him over. He's had a trial on an indeterminate term, and there's nothing to indicate that he actually has to be in custody for the state court to commit him again. So we're in an area here that's very interesting in the fact that there's nothing been established on what the remedy would actually be. Well, it makes me wonder whether this case, the case that's in front of us right now, isn't moot. If he has been given his full trial rights, yet was committed to an indeterminate term, that's the end of the matter, isn't it? I think if it goes back to state court, and certainly you could find whether there was a constitutional violation on each commitment, but what in effect ends up happening is he has been recommitted on a new term. Well, if he has anything here, maybe he has a 1983 remedy, but I guess I'm not quite sure what we can do under the circumstances. I haven't heard Mr. Denver say that he challenges the indeterminate sentence following the trial he actually got. We're still looking at 2005 to 2007. Only through 2007. And he actually ---- That's the subject of a later appeal, though. There is a current petition that I'm handling in district court that is dealing with 2007 on. He's not agreeing that's okay. It's just not in this case. Absolutely. Because this case came prior to that time. So why isn't it moot? Well, I think it's a tough question as far as what actually the remedy would be, Your Honor, because the fact is that, yes, it could be moot. He still could ---- you could determine there. I don't think it's moot in the sense that you can determine whether there's a constitutional violation during that commitment, but as to what remedy is actually going to occur, the state court can ---- has now remedied the issue with a new trial. Well, maybe. At least there's an argument to be had in the state court as to what the proper outcome would be. And absolutely. That's the point, is that if this court were to find a constitutional violation, it's up to the state court to remedy that. This court can only determine whether a person should be released or not and conditionally give the state the opportunity to remedy that. And then that would be the subject of an appeal if he didn't feel he got the appropriate remedy. If we were to issue a conditional writ, it would say release or within X number of days, the state has an opportunity to demonstrate that continued commitment is permissible under state law, something like that. Certainly that could be a ---- 60 days or whatever. Yes. And what would the practical result of that be? I think the practical result is he will still be committed because he has been found to be a sexually violent predator and he's serving an indeterminate term now. As a result of the 2010 trial? As a result of 2010. And I want to point out, I mean, all of this isn't in the record because this was subsequent to the time. But when Jessica's law came into effect in 2006, in 2007, the court stayed all the SVP cases to deal with the constitutionality and challenges to the indeterminate sentence. And so there were significant delays because of the change in law and what was happening. And in 2008, that's the ---- That doesn't explain anything about why there wasn't a hearing in 2005 or 2006 up until the time of enactment. 2005 was the subject of this appeal. Right. And in 2003 ---- And there was no hearing in this case. So the delays that were imposed in 2007 really aren't relevant to this case. This case, the due process that he is entitled to is the due process he has received. There's nothing in the due process requirements that says there has to be ---- Yes, the due process he has received. Give me the time frame of that due process having been received. The due process, he is entitled to a notice of what is happening. And each petition was filed prior to the end of his commitment periods. And there was a probable cause hearing to determine that he should be held. The Supreme Court has never held that you have to have a trial before you can detain somebody when they've been determined to be a probable danger to society, likely to reoffend. Quiet, counsel. The Supreme Court has held that one cannot be civilly committed unless the hearing involves a finding for the prosecution that there's clear and convincing evidence. That's Addington, right? That was not the measure which was applied for his probable cause hearing, correct? Correct. That's the measure for the ---- He didn't have a hearing as provided for by Addington. That's a clearly established Supreme Court rule. Actually, Your Honor, the ---- as the ---- as been recognized, the Supreme Court has never addressed pretrial delays in the context of a civil commitment. But they have addressed the fact that you cannot commit a person unless you prove that he's a sexually violent predator by clear and convincing evidence, which you never did until the ---- even after the expiration of the two-year term, which was the maximum amount of time he would have served. But, Your Honor, where this practically doesn't ---- isn't logical is if you take this in the criminal context, which affords more protections than a civil commitment, that's to say you couldn't incarcerate someone until you actually had the trial and you can't hold him over for a probable cause determination. But you can hold him over, and that's what the Supreme Court says time and time again, because of the speedy trial acts that apply and because he will get a speedy and timely trial under the statutes. Otherwise, it wouldn't allow you to hold him over indefinitely on a probable cause hearing. But the Supreme Court has never held that the speedy trial act ---- that that is ---- We would have to. Consists with a commitment hearing. There's nothing that addresses the delay of the trial. But there are other contexts in which the Supreme Court has made it quite clear that due process does not permit an indefinite detention. I mean, in the case of criminal aliens, this Advaita's case says it doesn't matter how dangerous they are. You need to let them out within six months unless certain procedures are followed. But there is no time frame here, and the Supreme Court has not established what ---- Well, the time frame is established by Addington, which says that before you commit them, you have to have this finding of clear and convincing. So that's the time frame. It's before the commitment starts. I disagree that Addington doesn't hold that. Addington just holds to ---- for a civil commitment, there has to be this standard of proof. There's nothing that says that you can't make a probable cause determination to hold somebody over until you have a trial. But if you hold a person over under a probable cause detention order, he's just as detained under probable cause as he would be under clear and convincing. And let me ---- Or rose by any name. Let me point out that Kansas v. Hendricks, which the Cardi case cites for due process, dealt with a special ---- same type of sexually violent predator act, and the court found that the due process requirements were met. All you need is a determinate ---- you need the factors that were cited in Cardi, and all you need is a determination that there's a dangerousness with ---- along with that the person's likely to offend. Your position is that as long as a probable cause finding is made, you can hold them for the whole two-year term. Yes, because according to the United States Supreme Court, there's no ---- we're under ADPA, and there's no clearly established right to a ---- to no delay with your trial. So under your theory, there would never be a need for a trial because now that it's indefinite, you could just have probable cause hearing, which has a lower standard of proof, and say, well, we'll just kind of get around to it eventually, maybe. Well, California has made the determination of when those things ---- and, of course, subsequent to this time, the Littman case came up saying that it is a due process violation, but even in Littman, the court recognized the U.S. Supreme Court has never addressed pre-trial delay with civil commitments. So there's no clearly established law, and the State court's decision in this case cannot be contrary to any clearly established law because there is none. That simply has not been addressed by the U.S. Supreme Court. And this is an ADPA case, is your argument? And this is. All right. Thank you, counsel. Thank you. Your time has expired. The case just argued. Could I just address something on this remedy, because it's a new issue. Could the Court give me leave for two minutes? Well, normally we wouldn't do it because you went over your time, Mr. Denver, but go ahead. It just came up in this. I'm sorry. I think it's important, because this issue hasn't been briefed, is that ---- I'm sorry, but the Attorney General is totally wrong, that if you hold at this custody, that there was 2005 to 2007, and actually 2010 is unlawful. In fact, that will invalidate the subsequent commitment that was entered against him in 2010. All right. And I would suggest that what Justice ---- Judge Graber suggested is right. I'd ask the Court actually to find that the custody in question is unlawful, remand it to the district court for the proper remedy. Thank you, counsel. Thank you.
judges: O'scannlain, Graber, Bea